WILLIS J. ZICK, Corporation Counsel, Waukesha County
You have requested an opinion whether sec. 120.17 (8) (b), Stats., may be applicable to a situation which has arisen in a joint school district in your county because of the taxation of some property in one of the municipalities of the district having been declared unconstitutional.
Section 120.17 (8) (b), Stats., provides:
"(b) When the equalized valuation of that part of a municipality lying within the school district is reduced in any one year to an amount below its equalized valuation of the previous year because of the destruction or removal of taxable property which results in an excessively inequitable apportionment of the school district tax levy on the remaining taxable property of the municipality, the school *Page 252 
district clerk shall notify the supervisor of assessments. If the supervisor of assessments finds that an inequitable apportionment will result, he shall reduce the equalized valuation of the previous year by the full value of the property so destroyed or removed and certify the resulting equalized valuation to the state superintendent and the school district clerk for use in computing the tax levy certifications under this subsection."
Section 70.11 (8m), Stats., provided for the property taxation of property owned by the United States and leased to a person using it for pecuniary profit. In State ex rel. General Motors Corp. v. Oak Creek
(1971), 49 Wis.2d 299, 182 N.W.2d 481, that taxation provision was held invalid. A result of that holding is that between $2,600,000 and $2,900,000 of equalized valuation in the City of Waukesha must be taken off the tax roll. The City of Waukesha is a part of a school district which includes several towns and another city. If the above-quoted statute may be applied in this instance, it would reduce the equalized valuation per pupil in the school district, which, in turn, would produce greater State aid to the school district.
It is clear from the language of sec. 120.17 (8) (b), Stats., that the paragraph applies only in the event that the equalized valuation of that part of a municipality within a school district is reduced in one year to an amount below its equalized valuation of the previous year. Furthermore, the reduction in equalized valuation has to be because of the destruction or removal of taxable property, and that destruction or removal must result in an excessively inequitable apportionment of the school district tax levy on the remaining taxable property of the municipality.
The equalized valuations for the City of Waukesha and for the entire school district for the years 1968-1970 are as follows:
 Equalized Valuations in Millions 19681969 1970 City of Waukesha $289 $332 $354 School District 385 436 479 *Page 253 
It is apparent from the above table that one of the requirements for applicability of the statute has not been met. Destruction or removal, in 1969 or 1970, of approximately $3,000,000 of taxable property will not result in a lower equalized valuation than for the previous year. Also, the figures show that a reduction of $3,000,000 in the equalized valuation for the City of Waukesha would make only a very minor readjustment in the tax burden upon the remaining taxable property of the municipality.
The wording of sec. 120.17 (8) (b), Stats., was changed from that of its predecessor statute by the revision of the school tax laws accomplished by ch. 92, Laws of 1967. Previously, this provision was found in sec. 40.35 (8), Stats., and then referred to the destruction or removal "of all or of a portion of the property of a part of the freeholders with a resulting excessively inequitable apportionment of the school district tax levy on the remaining equalized valuations * * *." Thus, in the original form the intent appears to have been to prevent an excessive taxation on the taxable property in parts of the school district other than the municipality which suffered a loss in equalized valuation. In its present form, the statute appears to be an effort to prevent an excessive tax on the remainder of the taxable property in the municipality which suffers a reduction in equalized valuation.
For purposes of the present opinion, it is unnecessary to determine whether the 1967 revision was intended to create any change in the statute. It matters not whether we look at the remainder of the taxable property in the City of Waukesha or the other taxable property in the district. In either case, a $3,000,000 reduction in equalized valuation would not produce an "excessively inequitable apportionment" of the school tax on the remaining equalized valuation, even if it could be said that the first requirement of the statute — a reduction in equalized valuation — had been met.
While there has been some discussion among members of the staff of the State Superintendent of Public Instruction and members of the staff of the Department of Revenue as to whether the removal of property referred to in the statute means only removal of property from the district or may *Page 254 
embrace removal of property from the tax rolls, the question need not be decided here.
From the facts you have supplied, together with the equalized valuation figures given above, I can see no possibility of the application of the statute to the situation you have mentioned.
RWW:EWW